JOURNAL ENTRY and OPINION
The defendant-appellant in this case, Edward Kimmie (hereinafter "appellant"), appeals from the imposition by the trial court of the maximum sentence permitted by law, eight years, subsequent to his conviction on one count of burglary, in violation of R.C. 2911.12, and one count of possession of criminal tools, in violation of R.C. 2923.24.
On April 8, 1997, the appellant was indicted by the Cuyahoga County Grand Jury on one count of burglary and one count of possession of criminal tools.[1] The case was tried to a jury, commencing on or about June 18, 1997. A verdict of guilty was returned on both counts. The, trial court sentenced the appellant to eight years on the burglary count and two years on the possession of criminal tools count, to be served concurrently. The appellant appealed the sentence contending that the imposition of the maximum sentence by the trial court did not conform with the requirements of R.C. 2929.14 (C), which requires that a sentencing court make a finding that any one of the criteria listed in the statute are present before imposing the statutory maximum. R.C. 2929.14 (C) specifically states the circumstances under which the maximum prison sentence may be imposed as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section.
This court reversed the trial court's sentence and remanded for a new sentencing hearing. State v. Kimmie (July 2, 1998), Cuyahoga App. No. 72904, unreported. This court's opinion stated that although the trial judge stated on the record that the appellant had committed a "disgusting" form of burglary, this was not the same as stating that the appellant had committed the "worst" form of the offense. This court also held that the trial court's reference to the appellant's "rap sheet" and its reference to the appellant's extremely lengthy criminal record was not a sufficient finding that the appellant "pose[d] the greatest likelihood of committing future crimes" as required by R.C. 2929.14 (C).
On remand, the trial court once again sentenced the appellant to the maximum term of imprisonment permitted by law (eight years) on the burglary conviction. The trial court specifically stated at the second sentencing hearing, held on July 30, 1998, that it found that the appellant committed "the worst form of the offense of burglary which has caused long-lasting psychological trauma to the victim." The appellant once again appeals the imposition by the trial court of the maximum prison sentence permitted for a burglary conviction.
Appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM TERM OF INCARCERATION ON THE APPELLANT.
R.C. 2929.14 (C) requires substantial compliance, not that a trial court used "magic words" or "talismanic" language in sentencing a defendant per the dictates of the statute. State v.Moore (June 24, 1999), Cuyahoga App. No. 74322, unreported; Statev. Blondheim (May 27, 1998), Summit App. No. 18594, unreported. Additionally, because the statute is written in the disjunctive, a trial court need only find that any one of the criteria listed as a circumstance justifying the imposition of a maximum prison sentence is present in order to impose the maximum term. State v.Moore, supra.
At the second sentencing hearing in this case, the trial court expressly incorporated all of its findings from the first hearing. It is likewise clear that the court made some of its findings in a subjective manner drawing what it felt to be reasonable inferences based upon the evidence presented during trial. Thereafter, the court stated:
 * * * I consider this form of burglary to be even a more egregious form of burglary, in my opinion, and I think that I am well justified in holding that opinion.
 The Defendant's purpose in burglarizing the victim's residence was to terrorize her and to commit the offense of rape. Indeed, the Defendant, who had been under indictment for a separate rape case at the time this case was tried, was subsequently convicted of the offense of rape. * * *
 As far as the value of the property goes concerning this burglary, obviously, that is relative. The victim in this case was not a financially well-off woman.
 She was a woman of modest means, and in this situation, the Defendant damaged her personal property, which was located on a rack in her kitchen, covering the window, which the Defendant broke in breaking the window, and knocking over that rack which contained numerous personal items of the victim, which were damaged. * * *
 With regard to the value: I don't know what value you would put on a person's privacy and peace of mind?
 The victim in this case, as I recall her testimony, stated she was terrified being in the Courtroom again with the Defendant, and it was obvious as to the extent of psychological impact that this crime did on her peace of mind; considering that, months after the fact, she is still uncomfortable being in the Courtroom with him.
 I do find this to be the worst form of the offense of burglary which has caused long-lasting psychological trauma to the victim, and in light of her modest economic background, it did cause severe economic hardship to her, and under the statutory factors, with reference to 2929.12 (B), specifically concerning the Defendant's record, background, age and condition of the victim, I wish to reaffirm my earlier sentence of the maximum sentence for the offense of burglary, and re-impose the eight years imprisonment. (Emphasis added).
The trial court clearly found that the appellant committed the worst form of burglary. The trial court's reasons for so finding were cogently stated on the record, including its consideration of the mandatory sentencing factors listed in R.C. 2929.12 (B). The evidence permitted a finding that the appellant's actions were motivated by a sadistic desire to inflict psychological trauma on his victim, as well as by more banal materialistic motivations, thus, differentiating the appellant's actions from other acts of burglary.
The record in this case indicates that the trial court's sentence was in strict compliance with the mandates of R.C.2929.14 (B), where only substantial compliance is required. Therefore, the appellant's sole assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., KARPINSKI, J., CONCURS, WITH SEPARATE CONCURRINGOPINION.
 _______________________________ MICHAEL J. CORRIGAN JUDGE
[1] For a lengthy and detailed recitation of the facts underlying the appellant's convictions for burglary and possession of criminal tools, see this court's opinion in Statev. Kimmie (July 2, 1998), Cuyahoga App. No. 72904, unreported.
 CONCURRING OPINION